UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 1776 CAPITAL FINANCE, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ADMI, INC., et al.,<br><br>        Defendants. | Case No. 5:24-cv-02667-BLF<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>[Re: ECF No. 30] |

Before the Court is Attorney Sarah Shapero's ("Attorney Shapero") Motion to Withdraw herself and her law firm, Shapero Law Firm, as counsel for Defendants ADMI, Inc. ("ADMI") and Allen Moyer ("Moyer"). ECF No. 30 ("Mot."). Plaintiff 1776 Capital Finance, LLC did not file a response to the motion.

The Court held a hearing on the motion on January 2, 2025. *See* ECF No. 35. For the following reasons, the Court GRANTS the Motion to Withdraw as Counsel.

**I.   BACKGROUND**

Plaintiff filed this action for breach of contract on May 3, 2024. ECF No. 1. Defendants, represented by Attorney Shapero and the Shapero Law Firm, answered the Complaint on July 3, 2024, ECF No. 14, and the Parties participated in an Initial Case Management Conference on September 25, 2024, ECF No. 25.

On November 1, 2024, Attorney Shapero filed a Motion to Withdraw. ECF No. 28. Due to irregularities with the filing, the Court struck the motion without prejudice to Defendants' counsel refiling a corrected motion. ECF No. 29. Attorney Shapero filed a new Motion to Withdraw later that same day. ECF No. 30. In her declaration in support of the motion, Attorney Shapero states that her firm "has had a breakdown in communication between the client and

1  attorney such that there has been a breach of the retainer agreement between the parties." Decl. of
2  Sarah Shapero in Support of Motion to be Relieved as Counsel ("Shapero Decl."), ECF No. 30-1,
3  ¶ 2.

## II. LEGAL STANDARD

"Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). The decision to permit counsel to withdraw is within the sound discretion of the trial court, *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009), and is governed by the State Bar of California's standards of professional conduct, *In re Pers. Web Techs., LLC et al., Pat. Litig.*, No. 18-MD-02834, 2022 WL 2290592, at *3 (N.D. Cal. June 24, 2022) (citation omitted). Accordingly, an attorney is required to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel" before withdrawing. Cal. R. Prof. Conduct 1.16(d).

Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal might cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *In re Pers. Web Techs.*, 2022 WL 2290592, at *3.

## III. DISCUSSION

Based on her declaration, the Court understands Attorney Shapero's Motion to invoke Rule 1.16(b)(5) of California's standards of professional conduct, under which an attorney

> "may withdraw from representing a client if . . . the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation."

Cal. R. Prof. Conduct 1.16(b)(5). Given the limited facts and argument submitted in support of the Motion, the Court is unable to discern whether Attorney Shapero and her firm gave their clients a reasonable *advance* warning that counsel would seek withdrawal unless the breach was

2

adequately remedied.  *See* Shapero Decl. ¶ 3 (stating only that "Defendants [have] been notified and will be served of this document herein").  However, Defendants did receive notice that Attorney Shapero had filed the request for withdrawal on November 1, 2024.  *See* Proof of Service, ECF No. 30-3.

The Court also notes that Attorney Shapero's Motion requests issuance of an order "allowing Defendants to proceed in pro per."  Mot. at 1.  But as the Court indicated in its order striking the initial filing, *see* ECF No. 29, Defendant ADMI—which is a business entity—cannot proceed without counsel.  Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."); *accord Sinclair v. Agile Web Studios*, No. 23-CV-02690, 2024 WL 3279522, at *2 (N.D. Cal. June 17, 2024) ("As business entities (LLCs), Defendants may appear in federal court only through counsel." (citing *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam))).

In short, Attorney Shapero's Motion makes an improper request as to Defendant ADMI and includes only minimal supporting evidence.  On the other hand, Plaintiff declined to submit any briefing in opposition to Attorney Shapero's Motion and did not raise any additional concerns about possible prejudice at the hearing.  Furthermore, the lawsuit remains at a relatively early stage, and the trial date is approximately a year away.  ECF No. 26.  Given the nature of the case, the Court finds that there is adequate time for Defendants to secure substitute counsel and proceed to trial, such that a grant of withdrawal is not likely to cause harm to the administration of justice or delay resolution of the case.  The Court will therefore permit Attorney Shapero and her firm to withdraw as counsel for Defendants upon receipt of proof that counsel has transmitted to its clients a communication including the following information:

- The case schedule, including all outstanding case deadlines;
- Information regarding how to access the case docket;
- A statement that the settlement conference scheduled for February 10, 2025 will proceed as scheduled; and
- An explanation that, although Moyer may proceed pro se, ADMI must secure new counsel or else risk having its Answer stricken.

3

The Court hereby STAYS the case for 30 days, in order to permit Defendants time to obtain new counsel. The stay will lift on February 2, 2025. Since Defendant ADMI may not proceed unrepresented, if ADMI has not secured new counsel by that date, the Court will then entertain a motion to strike ADMI's Answer. Plaintiff may thereafter decide whether to seek a default judgment.

## IV.     ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Attorney Shapero's Motion to Withdraw as Counsel is GRANTED upon receipt by the Court of proof that counsel provided the above-listed information to Defendants. Attorney Shapero SHALL also ensure that the Court receives notice of the correct address for service of papers to Defendants Moyer and ADMI going forward.

The Court STAYS these proceedings for 30 days to provide Defendants with time to obtain new counsel. The stay will lift on February 2, 2025.

**IT IS SO ORDERED.**

Dated: January 2, 2025

_____
BETH LABSON FREEMAN
United States District Judge